# Exhibit A

### UNITED STATE DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

CORDELL FUNDING, LLLP.,                    CASE NO.: 9:11-CV-80988-KLR
A Florida Limited Liability
Limited Partnership
                    Plaintiff,
-vs-

JOEL JENKINS,
                    Defendant.
_____/

### AMENDED COMPLAINT

Plaintiff, Cordell Funding, LLLP, by and through its undersigned counsel, hereby files its

Amended Complaint, against Defendant, Joel Jenkins, as states as follows:

### PARTIES

1.      Plaintiff Cordell Funding, LLLP (hereafter "Cordell") is a Florida limited liability limited partnership with offices in Florida.   That office is located within the boundaries of the U.S. District Court for the Southern District of Florida.   The following is a complete list of the partners in the Florida limited liability partnership, Cordell Funding LLLP:

a.      Robin Rodriguez is the General Partner of the Plaintiff.   At the time of the filing of the original Complaint, Robin Rodriquez was a citizen of the state of Florida.

b.      Karen Marino is a Limited Partner of the Plaintiff.   At the time of the filing of the original Complaint, Karen Marino was a citizen of the state of Virginia.

c.      Bristol Cities Trust, a Cook Islands Trust, with its principal place of business in Cook Islands, a foreign country, was a Limited Partner of the Plaintiff at the time the original

Cordell Funding, LLLP V. Jenkins
1st Amended Complaint
Page **2** of **10**

Complaint was filed.   As of August 31, 2011, Bristol Cities Trust, a Cook Islands Trust, had three (3) trustees:

(i)      Southpac International, Inc., a Cook Islands corporation, with its principal place of business in Cook Islands, a foreign country.

(ii)     Raj Agarwal, a citizen of New Jersey.

(iii)    Gerry Agranoff, a citizen of New York.

2.      Defendant Joel Jenkins ("Jenkins") is a natural person, *sui juris*, a citizen of the state of Georgia when the original Complaint in this action was filed (August 31, 2011), and at that time, resided on Balmoral Way in Marietta, GA.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 as there is diversity of citizenship between the parties and the instant matter in controversy exceeds the sum or value of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) exclusive of interest and costs.

4.      The actions giving rise to this suit occurred in the State of Florida.

5.      This court has personal jurisdiction over Jenkins pursuant to Fla. Stat. 48.193(1)(a), as Jenkins engages in business and/or business ventures in this state, pursuant to Fla. Stat. 48.193(1)(g) based upon a breach of a Guaranty contract under a loan that is governed by Florida law where payments were to be made in Florida, and pursuant to Fla. Stat. 48.193(2) as Jenkins engages in substantial and not isolated activity in Florida.   Performance of the contract herein was due in Florida.

Cordell Funding, LLLP V. Jenkins
1st Amended Complaint
Page **3** of **10**

6.      Pursuant to the terms of the written agreement of the parties, Jenkins has expressly consented to jurisdiction in Florida and in particular, to jurisdiction and venue in the United States District Court for the Southern District of Florida.

7.      Venue is based upon the venue clause in the written Guaranties.

## COUNT I
## REESTABLISHMENT OF A LOST NOTE

8.      Plaintiff, Cordell Funding, LLLP, by and through its undersigned counsel, hereby sues to reestablish a lost Promissory Note pursuant to Section 673.3091, Florida Statutes, and as grounds therefore states:

9.      On December 16, 2005, Plaintiff loaned THREE MILLION FIVE HUNDRED THOUSAND DOLLARS ($3,500,000.00) to North Andros Assets, Ltd., a Bahamian Company, ("the Borrower") pursuant to a Construction and Loan Agreement.   A copy of the Construction and Loan Agreement is attached hereto as **Exhibit A**.

10.      Concurrently, on December 16, 2005, North Andros Assets Ltd. executed a Promissory Note in the amount of loaned THREE MILLION FIVE HUNDRED THOUSAND DOLLARS ($3,500,000.00) in favor of Cordell.   A copy of the December 16, 2005, Promissory Note and is attached hereto as **Exhibit B**.

11.      Defendant Jenkins personally guaranteed the repayment of the loan.   Jenkins' Guaranty of the December 16, 2005, is attached hereto as **Exhibit C**.

Cordell Funding, LLLP V. Jenkins
1st Amended Complaint
Page **4** of **10**

12.     Pursuant to the terms of the December 16, 2005, Guaranty, the liability of Jenkins is absolute, primary, direct and immediate and is not subject to a condition of any kind.

13.     Cordell is not currently in possession of the December 16, 2005, Promissory Note.

14.     Cordell has never been in possession of the December 16, 2005, Promissory Note.

15.     Cordell funded the December 16, 2005, loan to North Andros Assets Ltd. based on faxed copy of a promissory note signed by Philip Galanis, as president of North Andros, Ltd.

16.     The whereabouts of the original December 16, 2005, Promissory Note is unknown to Cordell and cannot be determined by Cordell.

17.     Cordell has not assigned his right to enforce the December 16, 2005, Promissory Note to any third parties.

18.     Cordell has not negotiated the December 16, 2005, Promissory Note over to any third party.

19.     The terms of the December 16, 2005 Promissory Note are clearly identified.

20.     Pursuant to the terms of the December 16, 2005, Promissory Note, Cordell is the only entity that is entitled to enforce it.

21.     Cordell filed a lawsuit to enforce the terms of the Promissory Note against Philip Galanis and has obtained a default judgment in that case, attached hereto as **Exhibit G.**

**WHEREFORE**, Plaintiff, Cordell Funding, LLLLP, respectfully requests that this Court enter an Order stating that the December 16, 2005, Promissory Note has been reestablished pursuant to applicable Florida Statute.

Cordell Funding, LLLP V. Jenkins
1st Amended Complaint
Page **5** of **10**

## COUNT II
## <u>REESTABLISHMENT OF A LOST NOTE</u>

Plaintiff, Cordell Funding, LLLP, by and through its undersigned counsel, hereby sues to reestablish a lost Promissory Note pursuant to Section 673.3091, Florida Statutes, and as grounds therefore states:

22.     On August 21, 2006, the Borrower, North Andros Assets, Ltd., borrowed an additional FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) from Cordell.

23.     Concurrently, on August 21, 2006, Borrower, North Andros Assets, Ltd. executed a Promissory Note in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000) in favor of Cordell.   A copy of the August 21, 2006, Promissory Note is attached hereto as **Exhibit D**.

24.     Defendant Jenkins personally guaranteed the August 21, 2006, Promissory Note as an additional inducement for Cordell to make said loan. The August 21, 2006, Guaranty is attached hereto as **Exhibit E**.

25.     Pursuant to the terms of the August 21, 2006, Guaranty, the liability of Jenkins is absolute, primary, direct and immediate and is not subject to a condition of any kind.

26.     Cordell is not currently in possession of the August 21, 2006, Promissory Note.

27.     Cordell has never been in possession of the August 21, 2006, Promissory Note.

Cordell Funding, LLLP V. Jenkins
1st Amended Complaint
Page **6** of **10**

28.     Cordell funded the August 21, 2006, loan to Borrower, North Andros Assets Ltd., based on a faxed copy of the Promissory Note signed by Philip Galanis, as president of the Borrower, North Andros, Ltd.

29.     The whereabouts of the August 21, 2006, Promissory Note is unknown to Cordell and cannot be determined by Cordell.

30.     Cordell has not assigned his right to enforce the August 21, 2006, Promissory Note to any third parties.

31.     Plaintiff, Cordell Funding, has not negotiated the August 21, 2006, Promissory Note in favor any third party.

33.     The terms of the August 21, 2006 Promissory Note are clearly identified.

34.     Pursuant to the terms of the August 21, 2006, promissory note, Plaintiff is the only entity that is entitled to enforce it.

35.     Plaintiff filed a lawsuit to enforce the terms of the promissory note against Phillip Galanis and has obtained a default judgment against in that case.

**WHEREFORE**, Plaintiff, Cordell Funding, respectfully requests that this Court enter an Order stating that the August 21, 2006, Promissory Note has been reestablished pursuant to applicable Florida Statute.

**COUNT III**
**BREACH OF CONTRACT**

36.     Plaintiff realleges paragraphs 1 through 35 as if fully stated herein.

37.     This is an action for breach of contract resulting in damages in excess of Seventy Five Thousand Dollars ($75,000.00) not including interest, costs or attorney's fees.

Cordell Funding, LLLP V. Jenkins
1st Amended Complaint
Page **7** of **10**

38.     On December 16, 2005 Plaintiff loaned THREE MILLION FIVE HUNDRED THOUSAND DOLLARS ($3,500,000.00) to North Andros Assets, Ltd., a Bahamian Company, ("the Borrower") pursuant to a Construction and Loan Agreement.    A copy of the Construction and Loan Agreement is attached hereto as **Exhibit A**.

39.     Concurrently, on December 16, 2005, North Andros Assets Ltd. executed a Promissory Note in the amount of loaned THREE MILLION FIVE HUNDRED THOUSAND DOLLARS ($3,500,000.00) in favor of Cordell.    A copy of the December 16, 2005, Promissory Note and is attached hereto as **Exhibit B**.

40.     Defendant Jenkins personally guaranteed the repayment of the loan.    Jenkins' Guaranty of the December 16, 2005, attached hereto as **Exhibit C**.

41.     Pursuant to the terms of the December 16, 2005, Guaranty, the liability of Jenkins is absolute, primary, direct and immediate and is not subject to a condition of any kind.

42.     Cordell filed a lawsuit to enforce the terms of the Promissory Note and has obtained a default judgment against Philip Galanis in that case, attached hereto as **Exhibit G**.

43.     On August 21, 2006, the Borrower, North Andros Assets, Ltd., borrowed an additional FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) from Cordell.

44.     Concurrently, on August 21, 2006, Borrower, North Andros Assets, Ltd. executed a Promissory Note in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000) in favor of Cordell.    A copy of the August 21, 2006, Promissory Note is attached hereto as **Exhibit D**.

Cordell Funding, LLLP V. Jenkins
1st Amended Complaint
Page **8** of **10**

45.     Defendant Jenkins personally guaranteed the August 21, 2006, Promissory Note as an additional inducement for Cordell to make said loan. The August 21, 2006, Guaranty is attached hereto as **Exhibit E**.

46.     Pursuant to the terms of the August 21, 2006, Guaranty, the liability of Jenkins is absolute, primary, direct and immediate and is not subject to a condition of any kind.

47.     The Borrower has defaulted on both the December 16, 2005, Promissory Note and on the August 21, 2006, Promissory Note.

48.     Specifically, after December 16, 2006, no payments were made to Cordell on either Promissory Note.

49.     Cordell filed a lawsuit to enforce the terms of the Promissory Note and has obtained a default judgment against Philip Galanis in that case, attached hereto as **Exhibit G**.

50.      Although Jenkins expressly waived any right to notice or demand with respect to the default by the Borrower or obligation of Jenkins to honor the guaranties, Cordell has sent written notice and request for payment to Jenkins.

51.     Defendant Jenkins has failed and refused to pay THREE MILLION FIVE HUNDRED THOUSAND DOLLARS ($3,500,000.00) on the initial loan and FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) on the supplemental loan, together with interest and expenses to the plaintiff in breach of his obligations as a Guarantor of the aforesaid loans, pursuant to the terms of both the December 16, 2005, and August 21, 2006, Guarantees.

Cordell Funding, LLLP V. Jenkins
1st Amended Complaint
Page **9** of **10**

52.     Pursuant to the terms of the Promissory Notes and the Guarantees, Plaintiff is entitled to repayment of the principal amount of the loan, default interest of 20%, a late fee of 5% of the late payment, the costs of this lawsuit and attorney's fees.

53.     The Affidavit of Robin Rodriguez, general partner of Plaintiff, Cordell Funding, attached hereto as **Exhibit F**, sets forth the amount of monies repaid to Cordell.

54.     In the event of default and if it became necessary to enforce the terms of the loan agreement, Jenkins has agreed to be liable for attorney's fees and costs according to the terms of the Guaranty.

55.     Plaintiff has necessarily engaged the services of below signed counsel and has and will incur liability for attorney's fees and costs connected with this suit.

56.     Plaintiff has fully performed its obligations under all Agreements and contracts set forth herein unless excused from further performance by reason of the Borrower's breach thereof.

57.     All prerequisites to suit have been satisfied and/or waived.

**WHEREFORE**, Plaintiff, Cordell Funding, respectfully requests that this Court enter a judgment against Defendant, Joel Jenkins, for failing to honor his guaranties of payment as follows:

a.     Three Million Five Hundred Thousand Dollars ($3,500,000.00) on the initial loan and Promissory Note guaranteed by defendant Jenkins on December 16, 2005;

b.     Five Hundred Thousand Dollars ($500,000.00) on the supplemental loan and Promissory Note subject to the guaranty dated August 21, 2006;

c.     Interest at the contracted/default rate of 20% per annum from the date of default;

d.     A late fee of 5% where applicable;

e.     Attorneys fees, court costs and disbursements;

Cordell Funding, LLLP V. Jenkins
1st Amended Complaint
Page **10** of **10**

       f.       Recovery of all documentary taxes paid;

       g.      Such further relief as may be provided in the respective agreements of the parties;

       h.      Such other relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Thursday, March 10, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.   I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically transmitted notices of electronic filings.

Respectfully Submitted:

/s/ Dave K. Roy, Esq.

_____

**DAVE K. ROY, ESQ.**
Florida Bar No. 92551
**ROY & ASSOCIATES, P.A.**
The Forum – Suite B101
1665 Palm Beach Lakes Boulevard
West Palm Beach, FL   33401
Phone:   561-729-0095
Fax:   267-222-6953
Email:   info@daveroylaw.com

## Service List

**Gerald F. Richman, Esq.,** Richman Greer, P.A., 250 Australian Ave. S., West Palm Beach, FL 33401; E-mail: grichman@richmangreer.com *Attorneys for Def., Joel Jenkins*