UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO. 9:11-CV-80988-KLR

CORDELL FUNDING, LLLP.,
a Florida Limited Liability
Limited Partnership

       Plaintiff,
vs.

JOEL JENKINS,

       Defendant.
_____/

## DEFENDANT'S RESPONSE TO JURISDICTIONAL QUESTION

Defendant, Joel Jenkins ("Jenkins" or "Defendant"), by and through undersigned counsel, hereby files Defendant's Response to the Jurisdictional Question posed by the Circuit Court, and states the following in support thereof:

### The Court Lacks Subject Matter Jurisdiction, as Jurisdiction has Yet to be Proven

The defense of the lack of subject matter jurisdiction is not waivable and can be raised at any time. F.R.C.P. 12. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id.* (emphasis added). The Plaintiff having failed to plead the requisite diversity of citizenship, on the face of the pleadings, this Court lacked subject matter jurisdiction over this action as initially pled against the pro se defendant and the case should have been dismissed. Amending the Complaint Post Judgment does not resolve the issue, as the allegations are not admitted by Defendant and have not been proven by Plaintiff. Therefore, Plaintiff's failure to provide evidentiary support as to the existence of subject matter jurisdiction or legally sufficient proof of the new bare allegations, either during the trial of this case or even by affidavit in support of its Motion for Leave filed in the Eleventh Circuit Court of Appeals, is fatal to its claims against Defendant. Even as amended, Defendant

Case 9:11-cv-80988-KLR   Document 238   Entered on FLSD Docket 03/11/2016   Page 2 of 4

*Joel Jenkins avs. Cordell Funding, LLLP.*
Case No: 9:11-cv-80988-KLR
Response to the Jurisdictional Question
Page 2 of 4

is without knowledge of the new allegations and must therefore deny them. Plaintiff had a duty to prove them and has failed to do so at this late date.

Even beyond the facial attack, the question whether subject matter jurisdiction could actually ever be factually pled also remains a question. For purposes of diversity jurisdiction, a limited partnership is a citizen of each state in which its partners, including general and limited partners, hold citizenship. 1 Fed. Proc., L. Ed. § 1:152, *citing Duke & Benedict, Inc. v. Wolstein*, 826 F. Supp. 1413, 1415 (M.D. Fla. 1993). "The Supreme Court has settled the law on how the citizenship of a limited partnership is determined for purposes of diversity jurisdiction. In *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990), the Supreme Court held that for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens. In reaching this holding, the Court noted the long-standing rule that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004). Here, Defendant did not know the identities, let alone the purported citizenship of the partners making up Defendant, until this issue was raised by the Appellate Court and Defendant still has no proof of said allegations. No affidavits were provided to support the statement of their identities or the citizenship of each of them. As such, Defendant has no knowledge whether complete diversity **actually** exists, as now alleged. Without discovery to test the veracity of the new allegations, this Court will never truly know whether subject matter jurisdiction exists and Defendant would be severely prejudiced by enforcement of a void judgment.

The after the fact attempted amendment of the pleadings is not sufficient, to correct the deficiencies that exist. "[F]ederal jurisdiction cannot be assumed but must be clearly shown."

*Brooks v. Yawkey*, 200 F.2d 663, 664 (1st Cir. 1953). Amending the pleadings at this stage only works if the parties stipulate that complete diversity actually exists. Defendant is not in a position to do so without knowing the parties and conducting discovery to ascertain whether the new allegations are, in fact, correct and true. Amending unsworn pleadings is not sufficient to **prove** the supplemented allegations, but requires that Plaintiff successfully prove the allegations of diversity under circumstances where they may be contested. Thus, re-opening the pleadings here require jurisdictional discovery and the ability for the parties to argue whether potentially conflicting allegations can be sufficiently proven.

There is no record evidence whatsoever which establishes Plaintiff's citizenship for diversity Jurisdiction. The lack of record evidence addressing the citizenship of the parties would require supplemental evidence to be considered in order to prove the existence of jurisdiction. Even if supplemental record evidence was permitted at this late date, it would also require providing Defendant an opportunity to investigate and rebut the evidence presented regarding jurisdictional issues. All of that being said, the jurisdictional burden was and is on the plaintiff, and plaintiff has now **twice** failed to meet its burden, first by its inadequate initial pleading and second by failing to offer or even proffer any **proof** of citizenship either at the trial or in these post-trial proceedings. To now reopen the proceedings to engage in new discovery when plaintiff has repeatedly failed to meet its burden would simply be unjust and should not be allowed at this late stage.

"A judgment is 'void' under Rule 60(b)(4) if it was rendered without jurisdiction of the subject matter or the parties or in a manner inconsistent with due process of law." *Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1318-19 (11th Cir. 2001) *citing United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661–62 (1st Cir.1990). As a result of the lack of legally proven subject matter jurisdiction, the judgment entered below is simply void.

**RICHMAN GREER, P.A.**
Miami • West Palm Beach

Respectfully submitted,

By /s/: Gerald F. Richman
GERALD F. RICHMAN
Florida Bar No.: 066457
grichman@richmangreer.com
dcostonis@richmangreer.com
LEORA B. FREIRE

Florida Bar No.: 0013488
lfreire@richmangreer.com
dcostonis@richmangreer.com
**RICHMAN GREER, P.A.**
250 Australian Ave. South, Ste. 1504
West Palm Beach, Florida 33401
Telephone: (561) 803-3500
Facsimile: (561) 820-1608
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on March 11, 2016, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: /s/ Gerald F. Richman
GERALD F. RICHMAN

Service List
Dave Roy, Esq.
Roy & Associates
daveroy@mac.com
Counsel for Plaintiff