UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:11-CV-80988-KLR

**CORDELL FUNDING, LLLP.,**
A Florida Limited Liability
Limited Partnership
    **Plaintiff,**
-vs-

**JOEL JENKINS,**
    **Defendant.**
_____/

**PLAINTIFF'S STATEMENT REGARDING JURISDICTIONAL ISSUES**

  **HERE COMES NOW,** Appellee/Plaintiff Cordell Funding, LLLP, (hereafter "CORDELL") by and through the undersigned counsel and files this Statement Regarding Jurisdictional Issues. In support thereof CORDELL states:

  1. On December 7, 2015, the Eleventh Circuit Court of Appeals GRANTED Plaintiff's motion for leave to amend the complaint pursuant to 28 U.S.C. § 1653 and remanded this case to this Honorable Court for the limited purpose of making a factual determination as to whether diversity jurisdiction exists. The Order from the Eleventh Circuit is attached hereto as **Exhibit A**.

  2. The record should be supplemented with additional evidence to demonstrate the parties' citizenships. CORDELL's counsel conferred with JENKINS' counsel by phone to determine if any agreement could be reached

regarding the facts pertaining to the citizenship of the parties and curing the pleading deficiencies in regards to the jurisdictional allegations. JENKINS' counsel refused to make any agreement as to the curing of the jurisdictional allegations contending that the deficiencies could not be cured on appeal after the judgment was entered below. As a result, this case was remanded for the factual determination of diversity jurisdiction.

3.  The Eleventh Circuit encountered a similar jurisdictional deficiency in *Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). The procedure for curing such jurisdictional was explained in *Mallory* as the limited remand to the District Court. The Plaintiff and the Defendant ought to avail themselves of the discovery tools available to them to make the requisite proof of residency necessary for this Honorable Court to make a finding regarding diversity jurisdiction.

4.  Paragraph 1 of Plaintiff's Second Amended Complaint alleged the residency of each of its partners.

5.  Plaintiff seeks a discovery schedule within which to establish the necessary proof and allow Defendant the time to conduct reasonable discovery.

**WHEREFORE,** CORDELL respectfully requests that this Honorable Court allow CORDELL the opportunity to present evidence of diversity jurisdiction and to set a discovery schedule for both parties to conduct discovery.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **Friday, March 11, 2016**, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically transmitted notices of electronic filings.

Cordell Funding, LLLP V. Jenkins
Plaintiff's Statement Regarding Jurisdictional Issues
Page 4 of 4

                          Respectfully Submitted,
                          **ROY & ASSOCIATES, P.A.**

                          **/s/: Dave K. Roy, Esq.**
By: _____
                          **DAVE K. ROY, ESQ. (FBN 92551)**
                          1665 Palm Beach Lakes Blvd., Suite 101
                          West Palm Beach, FL 33401
                          Telephone:  (561) 729-0095
                          Facsimile:   (267) 222-6953
                          E-mail: info@daveroylaw.com

**SERVICE LIST**

**Gerald F. Richman, Esq.,** Richman Greer, P.A., 250 Australian Ave. S., West Palm Beach, FL 33401; E-mail: grichman@richmangreer.com *Attorneys for Defendant Joel Jenkins*