UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO. 9:11-CV-80988-DMM

CORDELL FUNDING, LLP.,
a Florida Limited Liability
Limited Partnership

      Plaintiff,
vs.

JOEL JENKINS,

      Defendant.
_____/

**OBJECTION AND OPPOSITION TO SECOND MOTION
FOR EXTENSION OF TIME TO CONDUCT DISCOVERY**

Defendant, JOEL JENKINS, by and through his undersigned counsel, hereby files this Objection and Opposition to Plaintiff's Second Motion for Extension of Time to Conduct Discovery and in support thereof states as follows:

1. This Court has previously granted an extension for the parties to conduct jurisdictional discovery, including time for Plaintiff to secure the promised affidavits. [DE 255]

2. First, the undersigned offered Defendant for deposition the week prior, but never heard back from Plaintiff's counsel. Plaintiff then unilaterally noticed Defendant's deposition for March 1, 2017, only two (2) days before the discovery deadline, at which time Defendant complied and appeared. Defendant appeared at the deposition with no difficulty and waited for thirty (30) minutes, yet no court reporter appeared to conduct his deposition, nor was he notified of any problem. Counsel for Defendant, who was attending the deposition via telephone, also waited on the telephone line for the parties to appear, but no one joined the line, even though Plaintiff's counsel was also expected to attend by telephone.

3.      Plaintiff proffers that severe weather prevented the court reporter from attending the deposition, which was scheduled for 12:30PM (local time in Alabama) on March 1, 2017. Notably, the Affidavit prepared by the court reporting agency discloses that the severe weather conditions were known in "the morning of March 1, 2017," but failed to include detailed information as to when the decision was made to not send the court reporter to the deposition. The Affidavit and the motion are similarly devoid of any explanation as to when Plaintiff's counsel learned that the court reporter would not be attending the deposition. No explanation was provided to the undersigned until after the deponent left.

4.      Second, Plaintiff asserts, without any basis, that Defendant's deposition is necessary because of alleged contradictions in prior filings regarding Defendant's various *residencies* throughout the years.[1] Plaintiff's attempted argument is nothing more than a red herring, as none of Plaintiff's exhibits refer to, dispute, or contradict Defendant's *citizenship* **during the relevant time period, that is, August 2011 when the Complaint in this case was filed**.

5.      More specifically, Plaintiff's Exhibit "C" refers to an answer filed in a separate case wherein Defendant states that, as of **May 27, 2008, (the date Exhibit "C" was filed)**, Defendant was not doing business in Florida. This statement is not indicative of, and has no bearing on, Defendant's citizenship in **August 2011**.

6.      Plaintiff's Exhibit "D" refers to letters from Mr. Jenkins and an Answer in this case, where it is clear that at the time of the attempted service, **December 1, 2011**, Mr. Jenkins

---

[1] While there are no inconsistencies regarding Defendant's citizenship, as is explained herein, ironically, Plaintiff, who on February 28 at 5:23 pm, just days prior to the discovery cut off, served an affidavit with a newly alleged place of citizenship of its General Partner that completely and directly contradicts what has been consistently represented to, and filed in, both this Court and in the Eleventh Circuit.

was serving with the military in Afghanistan. This is consistent with the Affidavit prepared by Mr. Jenkins (Plaintiff's Exhibit "B").

7. Plaintiff's Exhibit "E" refers to deposition testimony of Defendant taken **December 13, 2013**, wherein Defendant testified that as of **December 13, 2013** he was living in Alabama. At that deposition, Defendant was not questioned as to his citizenship during August 2011. His deposition testimony did not contradict the attestations by Defendant of his Florida citizenship as of **August 2011**.

8. At this time, the parties have the information to brief the issues and address the Court's concerns regarding diversity jurisdiction. There is no reasonable explanation or justification for this Court to afford additional time to Plaintiff to complete discovery.

WHEREFORE, it is respectfully requested that the Court DENY Plaintiff's Second Motion for Enlargement of Time and for other such relief as the Court deems just and proper.

Respectfully submitted,

By/s/: Gerald F. Richman
GERALD F. RICHMAN
Florida Bar No.:  066457
grichman@richmangreer.com
ecrippen@richmangreer.com
LEORA B. FREIRE
Florida Bar No.: 0013488
lfreire@richmangreer.com
ecrippen@richmangreer.com
LESLIE ARSENAULT METZ
Florida Bar No. 98865
lmetz@richmangreer.com
**RICHMAN GREER, P.A.**
250 Australian Ave. South, Ste. 1504
West Palm Beach, Florida 33401
Telephone: (561) 803-3500
Facsimile:  (561) 820-1608
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on March 3, 2017, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By:  /s/ Gerald F. Richman
GERALD F. RICHMAN

Service List
Dave Roy, Esq.
Roy & Associates
daveroy@mac.com
info@daveroylaw.com
Counsel for Plaintiff