UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:11-CV-80988-KLR

**CORDELL FUNDING, LLLP., a Florida
Limited Liability Limited Partnership**

    **Plaintiff,**

-vs-

**JOEL JENKINS,**

    **Defendant.**
_____/

**PLAINTIFF'S BRIEF IN SUPPORT OF DIVERSITY JURISDICTION**

  **HERE COMES NOW,** Plaintiff, Cordell Funding, LLLP ("Cordell Funding"), by and through undersigned counsel, and files this brief demonstrating this Court's diversity jurisdiction, in accordance with the Court's January 23, 2017 Order on Procedure on Remand (DE 251), in support thereof states as follows:

**Procedural Background**

  On December 7, 2015, the United States Court of Appeals for the Eleventh Circuit remanded this case for the purpose of making a factual determination as to whether diversity jurisdiction existed and to permit further procedures to address jurisdictional deficiencies, if deemed necessary by the Court (DE 229). On February 25, 2016, this Court issued an Order Requesting Briefing on Jurisdictional Issue (DE 230). The parties have since filed briefs requesting an opportunity to develop the record as to the citizenship of the parties. (DE 238, 241 & 243). By Order dated January 23, 2017, this Court provided that each party could submit a brief as to the issue of whether the Court has subject matter jurisdiction. (DE 251) Accordingly, Cordell submits this memorandum, which, based on the case law and attached

Case 9:11-cv-80988-DMM   Document 263   Entered on FLSD Docket 03/08/2017   Page 2 of 10

Cordell Funding, LLLP v. Jenkins
Case No.: 9:11-cv-80988
Plaintiff's Brief in Support of Diversity Jurisdiction
Page 2 of 10

record evidence, leaves no question that diversity jurisdiction existed at the time the original Complaint (DE 1) was filed.

## Diversity Jurisdiction Standard

In order for there to be diversity jurisdiction, 28 U.S.C. § 1332 requires that "the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different states."  As a result, when a plaintiff files suit in federal court, they must allege facts that, if true, which shows federal subject matter jurisdiction over their case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir.1994).   Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant.   *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").

In this instance, an analysis of diversity jurisdiction at the time Cordell filed its Complaint, requires an analysis of how the citizenship of -- (1) a limited liability partnership, (2) a trust, (3) a corporation, and (4) an individual -- have been determined by the federal judiciary. With respect to unincorporated entities, such as a partnership or a limited liability partnership, citizenship, for the purposes of diversity jurisdiction, is determined by the citizenships of its partners. *See Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96 (1990).  Thus, "[t]o sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F. 3d 1020 (11th Cir. 2004).

Case 9:11-cv-80988-DMM   Document 263   Entered on FLSD Docket 03/08/2017   Page 3 of 10

Cordell Funding, LLLP v. Jenkins
Case No.: 9:11-cv-80988
Plaintiff's Brief in Support of Diversity Jurisdiction
Page 3 of 10

Although the Supreme Court has "never expressly defined the term [members]," it has "equated an association's members with its owners or 'the several persons composing such association.'" *Americold Realty Trust v. Conagra Foods, Inc.*, 557 U.S. ___, 136 S.Ct 1012, 1015 (2016). As a result, with respect to a trust that is arranged as an unincorporated entity, such as a real estate investment trust, the citizenship of its shareholder beneficiaries determines its citizenship. *Id.* at 1016-17;[1] *see also Xaros v. U.S. Fidelity & Guar. Co.*, 820 F. 2d 1176, 1181 (11th Cir. 1987). On the other hand, when a legal proceeding involves a traditional trust, which is "not considered a distinct legal entity, but a fiduciary relationship between multiple people," suit is "brought by or against the trustees in their own name," and "[the trustee's] citizenship is all that matters for diversity purposes." *Americold*, 537 U.S. ---, 136 S. Ct. at 1016 (internal quotations and citations omitted).

Corporations present a totally different picture. By statute, Congress has provided two possible places of "citizenship" for corporations. 28 U.S.C. § 1332(c) provides that "[f]or purposes of [Section 1332], a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." Thus, the statute furnishes a dual base for citizenship -- place of incorporation, and principal place of business. *Fritz v. American Home Shield Corp.*, 781 F. 3d 1152, 1153 (11th. Cir. 1985).

Finally, as to individuals, citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. *See Hendry v. Masonite Corp.,* 455 F.2d 955, 955 (5th Cir.1972); *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir.2002).[8] "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of

---

[1] *Americold* involved a real estate investment trust or REIT, a type of trust that is arranged as an unincorporated entity.

Case 9:11-cv-80988-DMM   Document 263   Entered on FLSD Docket 03/08/2017   Page 4 of 10

Cordell Funding, LLLP v. Jenkins
Case No.: 9:11-cv-80988
Plaintiff's Brief in Support of Diversity Jurisdiction
Page 4 of 10

returning whenever he is absent therefrom...." *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir.1974), *cert. denied*, 419 U.S. 842 (1974) (*quoting Stine v. Moore,* 213 F.2d 446, 448 (5th Cir.1954)). As a result, a change of domicile requires "[a] concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely...." *Id.; Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989)("[f]or adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there"); *Scroggins v. Polluck*, 727 F. 2d 1025, 1026 (11th Cir. 1984).

**The Record Evidence – Diversity Jurisdiction Existed When the Complaint Was Filed**

An analysis of whether diversity jurisdiction exists, requires this Court to look at the facts as of the date of the filing of the Complaint, August 31, 2011. *Scroggins*, 727 F. 3d at 1028; *Mas v. Perry*, 489 F. 2d 1396 (5th Cir. 1974)(citizenship is assessed at the time an action is filed and is unaffected by subsequent events in the litigation); *Massey v. SOKC, Ltd.*, Case No. 6:12-CV-476-Orl-36TBS, 2012 U.S. Dist. LEXIS 147911, at *6-7 (M.D. Fla. Oct. 15, 2012)("diversity jurisdiction is determined at the time a complaint is filed).

It also requires this Court to consider evidence submitted during the course of this proceeding as to the parties' citizenship. *Sun Printing & Publ'g Ass'n v. Edwards,* 194 U.S. 377, 382, 24 S.Ct. 696, 48 L.Ed. 1027 (1904) ("[t]he whole record ... may be looked to, for the purpose of curing a defective averment of citizenship, where jurisdiction in a Federal court is asserted to depend upon diversity of citizenship...."); *see also Molinos Valle Del Cibao, C. por A. v. Lama,* 633 F.3d 1330, 1342 n. 12 (11th Cir. 2011)(permitting "admissions and record evidence to cure [a] pleading defect" as to citizenship). Recently, in a case procedurally similar to the one at hand, another judge in the Southern District of Florida utilized affidavits submitted by the

Case 9:11-cv-80988-DMM Document 263 Entered on FLSD Docket 03/08/2017 Page 5 of 10

Cordell Funding, LLLP v. Jenkins
Case No.: 9:11-cv-80988
Plaintiff's Brief in Support of Diversity Jurisdiction
Page 5 of 10

parties in order to find that diversity jurisdiction existed, following remand by the Eleventh Circuit to determine that issue. *See Turner v. Wells*, Case No. 15-cv-61855-GAYLES, 2017 U.S. Dist. LEXIS 10287, at *4 (S.D. Fla. Jan. 25, 2017)("[t]he Court has reviewed the affidavit, which … lists the identities and domiciles of all … partners as of September 15, 2015 … [and] finds that none … were domiciled in Florida as of that date").

Similar to *Turner*, diversity jurisdiction likewise existed in the subject case on August 31, 2011, when Cordell filed its Complaint. As indicated by the Amended Affidavit of Robin Rodriguez, the General Partner of Cordell, attached hereto as **Exhibit A**, Cordell is a Florida limited liability limited partnership. (Rodriguez Affidavit ¶ 2). Under *Carden*, Cordell's citizenship is determined by the citizenship of its members. From August 2011 to present, Cordell has had one General Partner, Mr. Rodriguez, and two limited partners, Karen Marino and Bristol Cities Trust, a Cook Islands trust. (Rodriguez Affidavit ¶ 6).[2]

At the time this action was filed Mr. Rodriguez was a citizen of the State of Virginia, as he is domiciled in that state, owned a home there, subsequently obtained Virginia driver's license after moving to Virginia, and returned to Virginia after business trips and vacations (Rodriguez Affidavit ¶ 9). Karen Marino, one of the two limited partners of Cordell, was also a citizen of the State of Virginia at the time of the filing of the Complaint. (Affidavit of Karen Marino, attached hereto as **Exhibit B**, ¶ 5). Among other things Ms. Marino owns a home in Virginia, lived there continuously since the filing of the Complaint, had a State of Virginia driver's license

---

[2] As was also noted in Mr. Rodriguez' affidavit (and the Complaint (DE 1)), the amount in controversy exceeds the sum of $75,000 exclusive of fees, interest and costs. The Defendant in this case executed personal guarantees wherein he guaranteed the repayment of a $4 million loan. (Rodriguez Affidavit, ¶ 4). After a default on the loans, Defendant failed to pay amounts due under the personal guarantees. (Rodriguez Affidavit, ¶ 5).

and was registered to vote in Virginia. (Marino Affidavit, ¶ 5).

Finally, the other limited partner, Bristol Cities Trust, is a traditional trust that was settled by Mr. Rodriguez and is not an unincorporated association. (Rodriguez Affidavit, ¶ 7). The trustees of Bristol Cities Trust possess certain customary powers to hold, manage, and dispose of assets for the benefit of others. (Rodriguez Affidavit, ¶ 7); *see Navarro Sav. Assn v. Lee*, 446 U.S. 458, 462 (1980). Thus, under *Americold* and *Xaros* the citizenship of Bristol Cities Trust is determined by the citizenship of the trustees of the trust. There are three (3) trustees of Bristol Cities Trust -- two are individuals, Rajesh Agarwal and Gerald Agranoff – and the other is Southpac Trust International, Inc., a Cook Islands corporation. (Affidavit of Rajesh Agarwal, attached hereto as **Exhibit C**, ¶ 2), Affidavit of Gerald Agranoff, attached hereto as **Exhibit D**, ¶ 2). At the time the complaint was filed Rajesh Agarwal was a citizen of the State of New Jersey, while Gerald Agranoff was a citizen of the State of New York. (Affidavit of Rajesh Agarwal, ¶ 3; Affidavit of Gerald Agranoff, ¶ 3). Southpac Trust International, Inc. is and was a foreign corporation, which was and is incorporated pursuant to the laws of the Cook Islands and its principle place of business is the Cook Islands. (Affidavit of Vibha Nagin Vallabh, attached hereto as **Exhibit E**, ¶ 4).[3]

In short, the record evidence reflects that the Plaintiff is a citizen of Virginia, New York, New Jersey and the Cook Islands for the purposes of diversity, while the citizenship of the Defendant, Joel Jenkins, is Georgia.[4] Mr. Jenkins purchased his primary residence located at

---

[3] Thus, it is considered an alien for purposes of diversity and will not defeat jurisdiction unless the Defendant is also an alien, which he is clearly not. *Cabalceta v. Standard Fruit Co.*, 883 F. 3d 1553 (11th Cir. 1989).

[4] This action was filed in the Southern District of Florida pursuant to a forum selection clause in the guarantees at issue. See (DE 1-3, Page 7, ¶ 24).

Cordell Funding, LLLP v. Jenkins
Case No.: 9:11-cv-80988
Plaintiff's Brief in Support of Diversity Jurisdiction
Page 7 of 10

4739 Balmoral Way, Marietta, Georgia 30068, with his wife, Elizabeth McKay Jenkins, on August 11, 2000 (please see attached certified copy of Warranty Deed in favor of Jenkins and his wife attached hereto as **Exhibit F**). Jenkins owned that home, with his wife, until December 21, 2012 (please see attached certified copy of the Warranty Deed to Rodney and Catherine Parivechio attached hereto as **Exhibit G**). Mr. Jenkins paid property taxes for the home on 4739 Balmoral Way each and every year that he owned the property (see statements from the Tax Commissioner in Cobb County, Georgia, attached hereto as **Composite Exhibit H**). Jenkins registered to vote in Cobb County, Georgia on October 1, 2000 and **is still currently registered to vote in Cobb County, Georgia** (see the certified Certificate of Voter Registration Not Requested By Voter[5] of Joel Jenkins attached hereto as **Exhibit I**).

Mr. Jenkins, however, has submitted an affidavit (attached hereto as **Exhibit J**) in which he attempts to fabricate citizenship in Florida. The Jenkins' affidavit overlooks and omits contrary "record evidence" showing his continuous ties to the State of Georgia. Given that the Plaintiff is not a citizen of Florida, as well as Virginia, New Jersey and New York, such a baseless claim of Florida citizenship does not alter the analysis that diversity existed when the Complaint was filed.

In considering Mr. Jenkins' affidavit, certain principles must be recognized. First, "once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state." *McDonald v. Equitable Life Ins.*

---

[5] The Certificate of Voter Registration Not Requested By Voter includes the language "NOT TO BE USED AS PROOF OF CITIZENSHIP". Plaintiff submits to the Court that matters to be considered in determining citizenship ought to be determined by applicable federal statute and case law. The location of one's voter's registrations is certainly appropriate to be considered in determining Jenkins' citizenship.

Case 9:11-cv-80988-DMM   Document 263   Entered on FLSD Docket 03/08/2017   Page 8 of 10

Cordell Funding, LLLP v. Jenkins
Case No.: 9:11-cv-80988
Plaintiff's Brief in Support of Diversity Jurisdiction
Page 8 of 10

*Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998)(citing *McDougald v. Jenson*, 786 F. 2d 1465, 1483 (11th Cir. 1986). Second, there is a presumption favoring an established domicile as against an allegedly newly acquired domicile and this presumption places a heavier burden on a party who is trying to show a new domicile, as opposed to the party trying to show the retention of an existing or former one. *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003).[6]

Mr. Jenkins states in his affidavit that while he intended to live in Florida, those plans never became a reality. (Jenkins Affidavit, ¶ 3-4). Although he states that he and his wife have family in Florida, that he inherited property in Florida, etc., Mr. Jenkins affidavit fails to establish the necessary concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely. *Mas*, 489 F. 2d at 1399; *Scroggins*, 727 F. 2d at 1026. In determining this, courts typically look for ownership of real property in Florida, a Florida driver's license, registering to vote in Florida and only paying taxes in Florida. *McCormick v. Aderholt*, 293 F. 3d 1254, 1258 (11th Cir. 2002); *Audi Performance*, 273 F. Supp. 2d at 1227 (also adding location of household furnishing, payment of utilities, receiving mail and banking locations). None of these factors are present in Mr. Jenkins' affidavit as to the State of Florida, requiring a finding of no domicile in the Sunshine State.

Moreover, record evidence reflects that Mr. Jenkins was domiciled in Georgia at the time this action was filed. For example, in his January 27, 2012 "pro se" answer filed in this case, Mr. Jenkins states that he lives in Marietta, Georgia. (DE 14, Page 1, attached hereto as **Exhibit K**). In this answer, Mr. Jenkins also indicates that at the time the Complaint was filed

---

[6] Similarly, because such declaration in a affidavit are often self-serving, courts generally give little weight to a parties' profession of domicile. *Molinos Valle Del Cibao*, 633 F. 3d at 1342.

he was temporarily away from Georgia, working as a civilian in Afghanistan. *Id.* Moreover, attached to this same answer is Mr. Jenkins' 2008 answer to a Florida state court proceeding in which he states that he lived at that time at the same address in Marietta, Georgia. (DE 14, Page 7, Exhibit G, Page 7). Thus, contrary to the statements in his affidavit, in 2008 and 2012 court statements, Mr. Jenkins admits that between those dates he was domiciled at 3739 Balmoral Way, Marietta, GA 30068. Such statements are precisely the type of "admissions" that the Eleventh Circuit has determined can be used to determine issues of diversity jurisdiction. *Molinos Vall Del Cibao*, 633 F. 3d at 1342 n. 12 (permitting "admissions and record evidence to cure [a] pleading defect" as to citizenship).[7]

## Conclusion

Diversity jurisdiction is a federal court's power to hear any case where the amount in controversy exceeds $75,000 and no plaintiff shares a state of citizenship with any defendant. In this instance, this Court had (and has) the power to "hear" this case since, at the time the Complaint was filed, Plaintiff was a citizen of Virginia, New York, New Jersey and the Cook Islands. Despite hollow claims related to the State of Florida, Defendant was a citizen of Georgia[8] and statements in his court filings indicate that Georgia was "his true, fixed, and permanent home and principal establishment." Accordingly, no jurisdictional deficiencies

---

[7] Finally, the fact that Mr. Jenkins was not a resident of Florida at the time the Complaint was filed is shown by his December 12, 2013 deposition that was taken in Decatur, Alabama. During the deposition he testified that he had moved from Georgia to Alabama after coming back from Afghanistan. There is no reference whatsoever as to him ever having lived or been domiciled in Florida. See Deposition of Joel Jenkins, Pages 8-9, attached hereto as Exhibit H.

[8] It is suspected that Defendant may claim without any factual basis that complies with applicable law that he is a citizen of Florida for purposes of diversity. Given that the Plaintiff is not a citizen of Florida, as well as Virginia, New Jersey and New York, such a baseless claim does not alter the analysis that diversity does exist.

Case 9:11-cv-80988-DMM   Document 263   Entered on FLSD Docket 03/08/2017   Page 10 of 10

Cordell Funding, LLLP v. Jenkins
Case No.: 9:11-cv-80988
Plaintiff's Brief in Support of Diversity Jurisdiction
Page 10 of 10

existed at the time the Complaint was filed and this matter can be properly sent back to the Court of Appeals for the Eleventh Circuit for further proceedings.

**WHEREFORE,** Plaintiff, Cordell Funding, LLLP, respectfully request the Court to enter an Order finding that diversity jurisdiction exist in this case, remanding accordingly to the Court of Appeals to the Eleventh Circuit, along with all such other relief which is just and appropriate.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on <u>**Wednesday, March 08, 2017**</u>, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically transmitted notices of electronic filings.

Respectfully Submitted,
**ROY & ASSOCIATES, P.A.**

By: <u>**/s/: Dave K. Roy, Esq.**</u>
**DAVE K. ROY, ESQ. (FBN 92551)**
1665 Palm Beach Lakes Blvd., Suite 101
West Palm Beach, FL 33401
Telephone:   (561) 729-0095
Facsimile:   (267) 222-6953
E-mail: info@daveroylaw.com

**SERVICE LIST:**
**Gerald F. Richman, Esq., and Leora Freire, Esq.,** Richman Greer, P.A., 250 Australian Ave. S., West Palm Beach, FL 33401; E-mail: grichman@richmangreer.com and lfreire@richmangreer.com   *Attorneys for Defendant Joel Jenkins*